IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CORY RENCELL BUSSELL,

    Petitioner,

    v.

E. ROKOSKY, *Warden*,

    Respondent.

Civil Action No.:  JRR-25-2333

**MEMORANDUM OPINION**

Cory Rencell Bussell, a federal inmate, filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking application of First Step Act ("FSA") credits to his sentence.  ECF No. 1.  Respondent, E. Rokosky, the Warden of the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed a Motion to Dismiss the Petition, or in the Alternative, for Summary Judgment. ECF No. 7.  Bussell was advised of his opportunity to respond to the Motion. ECF No. 8.  In response, Bussell advised that he had not received a copy of the Motion. ECF No. 9.  Respondent was directed to remail a copy of the Motion and exhibits to Bussell and certify that same was done.  ECF No. 10.  On December 12, 2025, Respondent certified that a copy of the Motion and exhibits were mailed to Bussell on December 8, 2025.  ECF No. 11.  To date, Bussell has not filed a response in opposition to the Motion.  Having reviewed the relevant documents, the Court finds that no hearing is necessary.  Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; Local R. 105.6 (D. Md. 2025).  For the reasons set forth below, the Court will grant Respondent's Motion.

## I.    BACKGROUND

Bussell is serving an 86-month term of imprisonment after being convicted in the Southern District of Indiana of possession with intent to distribute 40 grams or more of a mixture and

substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1). ECF No. 7-1, ¶ 5,  (Ross Decl.),; ECF No. 7-2 (Judgment);  ECF No. 7-3 (Inmate Data sheet); *see also United Sates v. Bussell*, No. 1:21-cr-00168, (S.D. Ind.), ECF No. 116.[1]

Bussell asserts that the Bureau of Prisons ("BOP") misinterpreted the FSA when it found him ineligible to earn time credits to be applied to his sentence due to his conviction for possession with intent to distribute fentanyl.  ECF No. 1 at 7.  Specifically,  Bussell maintains that the BOP, relying on the Presentence Investigation Report,  erroneously concluded that he was convicted under 21 U.S.C. § 841(b)(1)(B), rather than 21 U.S.C. § 841(a)(1), and this error has led to his being deemed ineligible to receive FSA credits. *Id.*; ECF No. 1-4.  He further explains that staff at FCI-Manchester advised him he was eligible for FSA credits and that the BOP "incorrectly keyed in the computer" his ineligibility for credits. ECF No. 1-2.

Respondent filed a Motion to Dismiss the Petition, or in the Alternative, for Summary Judgment, arguing that Bussell is statutorily ineligible to earn and apply FSA credits due to his conviction for possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1) and for which he was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B)(vi) (penalizing possession with intent to distribute 40 grams or more of fentanyl with a term of imprisonment between 5 and 40 years). ECF No. 7 at 2.

---

[1] Respondent attached to the Motion a copy of Bussell's Judgment in his underlying criminal case.  ECF No. 7-2. Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).  In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Bussell references his conviction in his own petition, provides a copy of his judgment (ECF No. 1-6), and he does not contest the authenticity of the judgment.  As such, the Court will consider the judgment as it decides the motion to dismiss.

## II.    STANDARD OF REVIEW

"The Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with statutory provisions or [the Rules Governing Section 2254 Cases], may be applied" to habeas corpus proceedings.  Rule 12, *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; *see also* Rule 1(b), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*  Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted."  In deciding a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff" or petitioner. *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (citing *Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018)).

"To survive a motion to dismiss, a complaint [or petition] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (noting that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief").  "The complaint [or petition] must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).  At the same time, a "complaint [or petition] will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

3

### III.    DISCUSSION

#### a.  Challenges to Time Credit

Only the United States Attorney General, acting through the BOP, may administer a federal inmate's sentence.  *See* 18 U.S.C. § 3621; *United States v. Wilson*, 503 U.S. 329, 335 (1992).  Such administration includes determining where an inmate serves his sentence as well as time credit.  *See* 18 U.S.C. § 3621(b); *Wilson*, 503 U.S. at 335.  "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself."  *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).  Such challenges must be brought in a petition for habeas corpus relief under 28 U.S.C. § 2241 in a prisoner's district of confinement.  *Id.*; *Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (recognizing "attacks on the execution of a sentence are properly raised in a § 2241 petition") (internal quotation and citation omitted).

#### b.  The First Step Act

The FSA governs the calculation of federal prison sentences.  Section 102(b) of the FSA, codified at 18 U.S.C. § 3624(b), allows federal inmates to earn additional good time credits.  *See* P.L. 115-391, § 102(b)(1).  The FSA was enacted on December 21, 2018.  *See* 18 U.S.C. § 3632. The Attorney General was charged with developing and releasing a Risk and Needs Assessment System ("the System").  *Id.*  The System is for:  (1) determining an inmate's risk of recidivism; (2) assessing an inmate's risk of violence or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs") as needed; (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release.  *See id*. § 3632(a).

4

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). To be eligible to earn FSA credits, inmates must not have a conviction for a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D).

If eligible, an inmate may earn 10 days of credit for every 30 days of successful participation in EBRRs or PAs. *See* 18 U.S.C. § 3632(d)(4)(A). Additionally, eligible inmates who have been assessed at a minimum or low risk of recidivism, who maintain their low risk of recidivism over two consecutive assessments, may earn an additional five days of time credit for every 30 days of successful participation. *See id.*

On July 19, 2019, the System was released for use throughout the BOP in compliance with the timeline set in the FSA. *See Holt v. Warden,* 539 F. Supp. 3d 1005, 1010 (D.S.D. 2021). Thereafter, within 180 days, the BOP was to implement and complete an initial intake risk and needs assessment for each prisoner. 18 U.S.C. § 3621(h)(1)(A). On January 15, 2020, the BOP announced that all inmates had been screened using the System, known as the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"). *Holt*, 539 F. Supp. 3d at 1010. The implementation phase of the FSA, a two-year phase-in period for providing EBRRs and PAs, commenced after all inmates had been screened. 18 U.S.C. §§ 3621(h)(2)–(3).

On January 19, 2022, the BOP published and codified its "procedures regarding the earning and application of Time Credits as authorized by the First Step Act of 2018" (the "January Final Rule"). *See* FSA Time Credits, p.1, 87 Fed. Reg. 12, 2705 (Jan. 19, 2022) (codified at 28 C.F.R. pt. 523). Particularly relevant to Bussell's case, the BOP procedures follow the requirements articulated in 18 U.S.C. § 3632(d)(4)(D), which establishes that inmates who are serving time for certain convictions are ineligible to earn time credits under the FSA, including convictions "relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture,

distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide,[2] or any analogue thereof." 18 U.S.C. § 3632(d)(4)(D)(lxvi). Following the opportunity for notice and comment, the BOP clarified that:

> 18 U.S.C. § 3632(d)(4)(D) describes inmates that are "ineligible to receive time credits" under subchapter D (the Risk and Needs Assessment System) if serving a term of imprisonment for conviction under any of the provisions listed therein. *It is outside the Bureau's authority to alter the exclusions as stated in the FSA . . . Statutory exclusions may only be amended by Congress.*

*See id.* at 2713 (emphasis added). The BOP codified its procedures at 28 C.F.R. § 523.41(d), which states that "[a]ny inmate sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or any person in the custody of the Bureau, is eligible to earn FSA time credits, subject to the exception described in paragraph (d)(2) of this section." Section 523.41(d)(2) explains that if the "inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D)," which includes sentences imposed for possession with intent to distribute fentanyl, "the inmate is not eligible to earn FSA time credits." *Id.*; *see also* § 3632(d)(4)(D)(lxvi).

The BOP published BOP Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d). *See* BOP Program Statement 5410.01. This Program Statement implements the January Final Rule, and further clarifies the BOP's procedures for awarding and applying credits under the FSA. *Id.* Relevant here, the BOP again confirmed that inmates serving certain offenses enumerated in the FSA are ineligible to receive ETCs. *See id.* at 6-7.

---

[2] N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide is the chemical compound otherwise known as fentanyl. *See* https://pubchem.ncbi.nlm.nih.gov/compound/11676056 (last visited June 15, 2026).

### c. Entitlement to FSA Credits

Prior to *Loper Bright Enterprises v. Raimondo*, 693 U.S. 369 (2024), "[i]f Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation" and the agency's interpretation was given deference. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984). The *Chevron* Court noted that it had "long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations." *Id*. at 844. Under *Chevron*, this Court's role in cases where a statute is ambiguous was to examine whether the administrative agency's implementation of the statute through regulations was a reasonable one. *Id*. at 845.

The Court in *Loper Bright* overturned *Chevron* and changed this Court's role in reviewing an administrative agency's implementation of a statute. The BOP is such an agency. Under *Loper Bright,* courts need not, and under the Administrative Procedure Act ("APA") may not, defer to an agency's interpretation of the law simply because a statute is ambiguous. 603 U.S. at 391–94. Pivotal in the analysis, and relevant here, is that the challenge raised must pertain to a regulation put into place by the administrative agency that is being challenged under the APA. *Id*. Moreover, there must be some ambiguity in the statute the agency administers that conceivably calls into question the validity of the regulation challenged.

Here, the statute in question unambiguously establishes that inmates who are serving time for a conviction for possession with intent to distribute fentanyl are ineligible to earn FSA time credits. Thus, to the extent Bussell takes issues with his eligibility for time credits under the FSA, he challenges the statute and not the regulations.

Congress set forth five circumstances in 18 U.S.C. § 3632(d)(4)(D) in which inmates serving a sentence for conviction under the Controlled Substances Act, 21 U.S.C. § 841, would be ineligible for ETCs. 18 U.S.C. § 3632(d)(4)(D). Relevant here, subsection (lxvi) of § 3632(d)(4)(D) disqualifies inmates serving a sentence for a conviction under:

> Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. § 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. § 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

Bussell, who pleaded guilty to possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1), was sentenced pursuant to the penalty provision of the Controlled Substances Act, § 841(b)(1), specifically subparagraph (B)(vi), which applies to convictions involving "40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide…," the chemical name for fentanyl. *See Valladares v. Ray*, 130 F.4th 74, 77 (4th Cir. 2025) (Section 841(a)(1), defines the unlawful acts, and the second, 841(b)(1), explains the penalties for sentencing). The statute unambiguously disqualifies inmates, such as Bussell, who have such a conviction from earning time credits under the FSA that might qualify him for early release. Therefore, he is ineligible to earn such credits.

## IV.   CONCLUSION

For the reasons set forth above, the Court will grant Respondent's Motion to Dismiss. The Petition will be denied and dismissed. A separate Order follows.

/S/

June 16, 2026

_____
Julie R. Rubin
United States District Judge

8